**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CESAR CASTILLO-RODRIGUEZ,** | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| **V.** | § | **NO. 4:26-CV-045-O** |
| | § | **(NO. 4:24-CR-152-O)** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

<u>**OPINION AND ORDER**</u>

Came on for consideration the motion of Cesar Castillo-Rodriguez under 28 U.S.C. § 2255 to vacate, set aside, or correct judgment. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.   BACKGROUND**

On June 25, 2024, Movant was named in a one-count information charging him with illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). CR ECF No.[1] 10. He signed a factual resume setting forth the maximum penalties he faced, including a term of imprisonment of 20 years, the essential elements of the offense, and the stipulated facts establishing that he had committed the offense. CR ECF No. 14. On July 2, 2024, he appeared for arraignment and testified under oath in open court that: he understood that he should not rely on any promise or statement as to what penalty would be assessed against him and that his guilty plea must not be induced or prompted by any promises, pressure, threats, force, or coercion of any kind; he understood the essential elements of the offense charged and he committed all of them; he was fully satisfied with

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:24-CR-152-O.

the representation and advice he had received from counsel; no one had made any promise or assurance of any kind or used any force to induce him to plead guilty; he understood the penalties he faced; and, he understood the factual resume before he signed it and all of the facts stated in it were true and correct. CR ECF No. 34.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 8. CR ECF No. 21-1, ¶ 17. He received a four-level enhancement for having committed the offense after sustaining a conviction for a felony that was an illegal reentry offense. *Id.* ¶ 18. He received a 10-level enhancement for having been convicted of a felony offense for which the sentence was more than five years prior to having been ordered deported the first time. *Id.* ¶ 19. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 25, 26. Based on a total offense level of 19 and a criminal history category of III, his guideline imprisonment range was 37 to 46 months. *Id.* ¶ 64. Movant filed a notice of no objections to the PSR. CR ECF No. 23.

The Court sentenced Movant to a term of imprisonment of 46 months. CR ECF No. 25. He appealed, CR ECF No. 28, and the United States Court of Appeals for the Fifth Circuit affirmed his sentence. *United States v. Castillo-Rodriguez*, No. 24-10978, 2025 WL 2092510 (5th Cir. July 25, 2025). The United States Supreme Court denied his petition for writ of certiorari. *Castillo-Rodriguez v. United States*, 146 S. Ct. 899 (2025).

## II.    GROUNDS OF THE MOTION

Movant uses the space provided in the form to set forth four grounds in support of the motion. In his first two grounds he complains that he received ineffective assistance of counsel.

ECF No.[2] 1 at 4–5.[3] Movant's third ground is simply a request to proceed *in forma pauperis*, which is unnecessary, and a request for appointment of counsel, to which he is not entitled. *Id.* at 7. In his fourth ground, Movant alleges that he is being held in violation of various constitutional amendments because he was illegally arrested. *Id.* at 8.

## III.    APPLICABLE LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a

---

[2] The "ECF No. __" references are to the number of the item on the docket in this civil action.
[3] The page number references to the motion are to "Page __ of 16" reflected at the top right portion of the document on the Court's electronic filing system and are used because the typewritten numbers on the form are not the actual page numbers.

later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "*so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.    ANALYSIS

In his first ground, Movant complains that counsel failed to file a motion to suppress after he told counsel that he had been illegally arrested without a search warrant. ECF No. 1 at 4. In his

second ground, he alleges that counsel failed to file any pretrial motions, especially a motion in limine. He references *Jackson v. Denno*, 378 U.S. 368 (1964) (discussing that a defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of the confession are actually and reliably determined). ECF No. 1 at 5. He fails to identify any evidence that should have been suppressed much less what relevance it would have had to this case. In his reply, he argues that he is the product of the illegal seizure and, apparently, that because there was no warrant for his arrest, this case could not have been brought. ECF No. 8 at 3.  It is undisputed that Movant was arrested by Arlington police officers and that the state charges against him were later dropped. During an interview with ICE agents while he was incarcerated, Movant admitted that he last illegally entered the United States two years prior. CR ECF No. 21-1. His conclusory allegations regarding motions that should have been filed are not sufficient to show that counsel rendered ineffective assistance. *Miller*, 200 F.3d at 282. Movant has not shown in any event that a meritorious motion to suppress could have been filed. *See Kimmelman v. Morrison*, 477 U.S. 365 (1986) (to establish ineffective assistance based on a Fourth Amendment claim a movant must show that a meritorious motion to suppress could have been filed and that it would have affected the outcome). Moreover, a defendant's identity and immigration file are not suppressible. *United States v. Roque-Villanueva*, 175 F.3d 345, 346 (5th Cir. 1999).

Even if Movant could have shown that any particular motion should have been filed and would have been successful, by his guilty plea, he waived all nonjurisdictional defects in the proceedings, including ineffective assistance of counsel, except insofar as the alleged ineffectiveness related to the voluntariness of his plea. *United States v. Cavitt*, 550 F.3d 430, 441

5

(5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). He does not allege that his plea was not knowing, voluntary, and intelligent; nor could he. His factual resume set forth the penalties he faced, the elements of the offense, and the stipulated facts establishing that Movant had committed the offense. The document is entitled to a presumption of regularity and carries great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Movant's solemn declarations in open court, admitting among other things that he understood the charge against him, the penalties he faced, that his plea was knowing and voluntary, and that he was fully satisfied with counsel, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has not produced any independent indicia of the likely merit of any of his allegations (if indeed, he intends to claim that his plea was not knowing and voluntary) to refute his sworn testimony and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Even if Movant could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe (as he has made no attempt to show) that he would have insisted on going to trial but for this alleged deficient performance. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In his fourth ground, Movant alleges that he is being held in violation of the Constitution because he was illegally arrested. ECF No. 1 at 8. This ground is procedurally barred as it should have been raised on appeal if it had any merit. *Shaid*, 972 F.2d at 231. Movant has not shown cause and prejudice, or actual innocence, to be able to proceed here. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

In his reply, Movant alleges that his guideline calculation was wrong. ECF No. 8 at 5–6. This allegation should have been raised on appeal if it had any merit (and it does not, as it is based

on a misreading of the applicable guideline provision, U.S.S.G. § 2L1.2). Application of the sentencing guidelines is not an issue of constitutional magnitude and is not cognizable by Section 2255 motion. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

## V. CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**. His motions for appointment of counsel and to proceed *in forma pauperis* are **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **14th** day of **May, 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**